UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

TERRANCE FALLS,
on behalf of himself and
all others similarly situated,

Case No. 19-cv-999

        Plaintiff,

v.

**COLLECTIVE ACTION
PURSUANT TO 29 U.S.C. §216(b)**

US-REPORTS, INC.
d/b/a AFIRM

**JURY TRIAL DEMANDED**

        Defendant

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.      This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL"), by Plaintiff, Terrance Falls, against Defendant, US-Reports, Inc. d/b/a Afirm.

2.      Plaintiff brings his FLSA claims and causes of action against Defendant on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees of Defendant for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

3.　　　Plaintiff also brings his WWPCL claims and causes of action against Defendant on behalf of himself for purposes of obtaining relief under the WWPCL for unpaid overtime compensation, unpaid agreed-upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

4.　　　Regarding Plaintiff's collective action allegations under the FLSA, Defendant operated (and continues to operate) an unlawful compensation system that deprived current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees of their wages earned for all compensable work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek. Specifically, Defendant's unlawful compensation system failed to: (1) compensate said employees when compensable work commenced and ceased each workday, despite Defendant's policy, requirement, expectation, and/or knowledge that said employees performed this work; and (2) include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards, in said employees' regular rates of pay for overtime calculation purposes.

5.　　　Defendant's deliberate failure to compensate its hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees, including Plaintiff, for hours worked and work performed at the proper and legal rate(s) of pay violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

6.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

7.     This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant does business, and has substantial and systematic contacts, in this District.

## PARTIES AND COVERAGE

9.     Plaintiff, Terrance Falls, is an adult male resident of the State of Wisconsin with a post office address of 3690 South Wehr Road, New Berlin, Wisconsin 53146.

10.     Defendant, US-Reports, Inc. d/b/a Afirm, was, at all material times herein, a Colorado entity with a principal address of 3528 Precision Drive, Suite 200, Fort Collins, Colorado 80528

11.     Defendant provides risk management solutions services.

12.     Defendant is owned and operated by H.W. Kaufman Group.

13.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff performed compensable work as an hourly-paid, non-exempt employee in the positions of Customer Service/Support and Audit Reviewer primarily based out of his home, located at 3690 South Wehr Road, New Berlin, Wisconsin 53146.

14.    For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

15.    For purposes of the WWPCL, Defendant was an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms, or variations thereof, are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

16.    During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

17.    During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

18.    During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

19.    During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

20.    Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

21.    Plaintiff brings this action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees employed by Defendant and was subjected to Defendant's same unlawful policies as enumerated herein.

22.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees performed compensable work on behalf of Defendant, at the direction of Defendant, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's physical locations and/or in their homes throughout the United States, including in the State of Wisconsin.

23.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees' day-to-day activities.

24.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees.

25.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees.

26.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees with work assignments and hours of work.

27. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the terms, conditions, work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees abided in the workplace.

28. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees' employment-related questions, benefits-related questions, and workplace issues.

29. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees for hours worked and/or work performed, including with non-discretionary forms of compensation, such as monetary bonuses, commissions, incentives, and/or other rewards.

## GENERAL ALLEGATIONS

30. In approximately January 2017, Defendant hired Plaintiff as an hourly-paid, non-exempt employee.

31. During Plaintiff's employment with Defendant, Plaintiff performed compensable work in the positions of Customer Service/Support and Audit Reviewer.

32. During Plaintiff's employment with Defendant, Plaintiff performed compensable work on behalf of Defendant, for Defendant's benefit, with Defendant's knowledge, and/or at Defendant's direction primarily based out of his home in New Berlin, Wisconsin.

33. On or about June 18, 2019, Plaintiff's employment with Defendant ended.

34. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and regardless of the particular job title and whether the work was performed at Defendant's physical locations or in-home, Plaintiff and all other hourly-paid, non-exempt Customer Service/Support employees performed similar, if not identical, job duties and responsibilities: providing support services to Defendant's customers.

35. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and regardless of the particular job title and whether the work was performed at Defendant's physical locations or in-home, Plaintiff and all other hourly-paid, non-exempt Audit Reviewer employees performed similar, if not identical, job duties and responsibilities: reviewing policies and procedures generated by Defendant for its customers.

36. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees employed by Defendant were employed in hourly-paid, non-exempt job positions.

37. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees at a central location in Fort Collins, Colorado.

38. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees.

39.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees for all remuneration earned.

40.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees frequently worked in excess of forty (40) hours per workweek.

41.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees frequently worked in excess of forty (40) hours per workweek.

42.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees' hours worked each workweek.

43.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees on a bi-weekly basis via paycheck.

44.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

45.     Plaintiff brings this action on behalf of himself and all current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees employed by Defendant within the last three (3) years from the date of filing of this Complaint and who were subject to the same unlawful policies, practices, customs, and/or schemes, including Defendant's failure to: (1) compensate said employees when compensable work commenced and ceased each workday, despite Defendant's policy, requirement, expectation, and/or knowledge that said employees performed this work; and (2) include all forms of non-discretionary compensation, such as monetary bonuses, commissions, incentives, awards, and/or other rewards, in said employees' regular rates of pay for overtime purposes in violation of the FLSA.

46.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees followed a similar and uniform process known to Defendant when commencing their job duties each work day: (1) powering on or starting their computers; (2) waiting for their computers to "boot up"; (3) checking e-mail; and (4) "pulling up," accessing, and/or "logging in" to various computer software programs, including but not limited to ADP, Skype, and Webex.

47.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees followed a similar and uniform process known to Defendant when ceasing their job duties each work day: (1) closing and/or "logging out" of various computer software programs, including but not limited to ADP, Skype, and Webex; (2) closing and/or "logging out" of their e-mail; (3) powering down, closing, or "booting down" their computers; and (4) waiting for their computers to power down, close, and/or "boot down."

48.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees used e-mail correspondence and various computer software programs, including but not limited to Skype and Webex, in order to perform their job duties and responsibilities at Defendant.

49.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and recorded Plaintiff's and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees' hours worked via ADP, Defendant's electronic timekeeping system.

50.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees based on said employees' ADP timekeeping records.

51.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and when commencing their job duties each work day, Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees could "log in" to ADP for timekeeping purposes only after the "boot up" process on said employees' computers had completed.

52.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and when ceasing their job duties each work day, Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees had to "log out" of ADP for timekeeping purposes before the "boot down" process on said employees' computers had completed.

53.     On a daily basis within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and in order for Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees to properly and effectively perform their job duties and responsibilities at Defendant, said employees needed to complete the "boot up" process on their computers before checking e-mail and "pulling up," accessing, and/or "logging in" to various computer software programs, including ADP, Skype, and Webex.

54.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and when commencing their job duties each work day, the "boot up" process – and any other similar "pre shift" duties – was necessary, required, essential, and/or expected in order for Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees to perform their job duties and responsibilities at Defendant.

55.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and when commencing their job duties each work day, the "boot up" process on Plaintiff's and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees' computers took approximately five (5) to fifteen (15) minutes to complete before said employees could "log in" to ADP for timekeeping purposes.

56.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and when ceasing their job duties each work day, the "boot down" process on Plaintiff's and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees' computers took approximately five (5) to fifteen (15) minutes to complete.

57.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and when commencing their job duties each work day, the "boot up" process – and any other similar "pre shift" duties – were similar, if not identical, for Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees, regardless of whether said employees worked at Defendant's physical locations and/or in their homes throughout the United States, including in the State of Wisconsin.

58.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) and when ceasing their job duties each work day, the "boot down" process – and any other similar "post shift" duties – were similar, if not identical, for Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees, regardless of whether said employees worked at Defendant's physical locations and/or in their homes throughout the United States, including in the State of Wisconsin.

59.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees for hours worked and work performed completing the "boot up" process on their computers – and any other similar "pre shift" duties – before being able to check e-mail and "pull up," access, and/or "log in" to various computer software programs, including ADP, Skype, and Webex.

60.    Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees for hours worked and work performed completing the "boot down" process on their computers – and any other similar "post shift" duties – after "logging out" of ADP for timekeeping purposes.

61.　On a daily basis within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was aware that Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees were performing and completing the "boot up" process on their computers – and any other similar "pre shift" duties – prior and in order to perform their job duties and responsibilities at Defendant.

62.　On a daily basis within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was aware that Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees were performing and completing the "boot down" process on their computers – and any other similar "post shift" duties – after "logging out" of ADP for timekeeping purposes.

63.　Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees with, in addition to their hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses and incentives, awards, and/or other rewards – on a weekly, monthly, quarterly, and/or annual basis.

64.　Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendant provided to Plaintiff and all other current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and all other current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees

to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance, attendance, and/or hours worked.

65. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees employed by Defendant were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

66. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

67. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's unlawful pay practices as described herein resulted in Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees being deprived of overtime pay for all hours worked in excess of forty (40) in a workweek.

68. Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant was or should have been aware that its policies in practice did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees at the correct and lawful overtime rate of pay for all hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

69.     Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b).  The similarly situated employees include:

> **Pre-Shift & Post-Shift Activities:** All current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek.

> **Non-Discretionary Compensation:** All current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated at the proper, correct, and/or lawful overtime rate of pay as a result of Defendant's failure to include all forms of non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

70.     Plaintiff and the FLSA Collectives primarily performed non-exempt job duties and/or were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

71.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees when compensable work commenced and ceased each workday, resulting in said employees being denied overtime compensation due and owing to them.

72.     Within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to include all forms of non-discretionary compensation in Plaintiff's and all other current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees' regular rates of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period that the non-discretionary compensation covered.

73.     Defendant's unlawful practices described herein failed to compensate and deprived Plaintiff and all other current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

74.     Defendant's deliberate failure to properly compensate its hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees in such a fashion as described herein violated federal law as set forth in the FLSA.

75.     Defendant was or should have been aware that its unlawful compensation practices as described herein failed to compensate and deprived Plaintiff and all other current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees with the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

76.     Plaintiff's FLSA Causes of Action are brought under and maintained as an opt-in Collective Action Pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the FLSA Collectives, and these Causes of Action may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

77.     Plaintiff and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. Plaintiff's claims and causes of action as stated herein are the same as those of the FLSA Collectives.

78.     The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

79.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collectives.

**FIRST CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of himself and the FLSA Collective)**

80.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

81.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

82.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

83.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

84.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

85.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour worked in excess of forty (40) hours each workweek by failing to compensate said employees when compensable work commenced and ceased each workday, despite Defendant's policy, requirement, expectation, and/or knowledge that said employees perform the type of "pre shift" and "post work" shift work described herein.

86.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

87.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

88.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective with overtime pay for all hours worked per workweek was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable

grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

89.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

90.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

91.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the Fair Labor Standards Act of 1938, as Amended**
**(Plaintiff on behalf of himself and the FLSA Collective)**

92.     Plaintiff, on behalf of himself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

93.     At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

94.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

95.     At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

96.     Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

97.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay for each hour worked in excess of forty (40) hours each workweek.

98.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek.

99.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

100.    Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

101.    Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include all forms of non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to

pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

102.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

103.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

104.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**THIRD CLAIM FOR RELIEF**
**Violations of the Wisconsin Wage Payment and Collection Laws, as Amended**
**(Plaintiff on behalf of himself)**

105.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

106.     At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

107.     At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

108. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

109. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay.

110. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

111. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay in accordance with the WWPCL.

112. During Plaintiff's employment with Defendant, Defendant failed to include all non-discretionary forms of monetary compensation in Plaintiff's regular rate(s) of pay when determining overtime compensation due to him during workweeks when he worked more than forty (40) hours.

113. During Plaintiff's employment with Defendant, Plaintiff was entitled to payments from Defendant at his agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked, pursuant to Wis. Stat. § 109.03 – but Defendant did not compensate Plaintiff for each and every hour worked, in accordance with Wis. Admin. Code § DWD 272, either at the higher of his agreed-upon rate of pay or a rate of pay no less than the minimum wage.

114. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

115. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

116. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

c) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees damages in the form of reimbursement for unpaid overtime wages for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

f) Issue an Order directing and requiring Defendant to pay Plaintiff damages in the form of reimbursement for unpaid overtime wages and agreed-upon wages for which he was not paid pursuant to the WWPCL, including liquidated damages and costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

g) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt Customer Service/Support and Audit Reviewer employees with such other relief as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 15th day of July, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi* _____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com