UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

TERRANCE FALLS
on behalf of himself and all
others similarly situated,

        Plaintiff,                                  Case No. 19-cv-999

        v.

US-REPORTS, INC.
d/b/a AFIRM

        Defendant

## JOINT MOTION FOR COURT APPROVAL OF
## SETTLEMENT AND DISMISSAL OF COMPLAINT WITH PREJUDICE

        The Parties, by and through their undersigned counsel, respectfully move this Court for approval of their "Confidential Settlement and General Release Agreement," resolving the matter as set forth therein. In support thereof, the Parties state and jointly stipulate as follows:

        1.        On July 15, 2019, Plaintiff, Terrance Falls, filed his Complaint against Defendant, US-Reports, Inc., d/b/a Afirm. (ECF No. 1.) In the Complaint, which was brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Wis. Stat. §§ 109.01 et seq., Wis. Stat. §§ 104.01 et seq., Wis. Stat. §§ 103.001 et seq., and Wis. Admin. Code DWD §§ 274.01 et seq., and Wis. Stat. §§ 272.001 et seq. collectively Wisconsin's Wage Payment and Collection Laws ("WWPCL"), Plaintiff alleged that Defendant failed to, in violation of the FLSA, compensate him and all other similarly-situated current and former hourly-paid non-exempt Customer Service/Support and Audit Reviewer employees of Defendant at the correct and lawful overtime rate of pay for work performed in excess of forty (40) hours in a workweek. Plaintiff

further alleged that Defendant failed to compensate himself under the WWPCL for all work performed each workweek, including at the lawful overtime rate of pay for work performed in excess of forty (40) in a workweek.

2. In his Complaint, (ECF No. 1), Plaintiff pled collective claims under the FLSA, but to date, no individuals have opted-in to this matter, and the parties have resolved this case in Plaintiff's individual capacity, as stated and identified in the parties' "Confidential Settlement and General Release Agreement."

3. Defendant denied, and continues to deny, Plaintiff's allegations, asserting, among other things, that Plaintiff was properly compensated for all hours worked during his employment and no additional wages are due or owing. (*See* ECF No. 7.) Defendant further asserts that Plaintiff will be unable to certify this action as a FLSA Collective.

4. In light of the existence of a good-faith dispute over the number of hours worked, whether additional wages are due, whether Plaintiff would be able to obtain certification of a FLSA Collective, and other procedural and substantive issues in this matter, the parties agreed to enter into settlement negotiations in Plaintiff's individual capacity for the purpose of avoiding the costs and uncertainty of litigation.

5. The parties have, in fact, engaged in extensive and good-faith settlement negotiations. The parties were both represented by competent and experienced counsel throughout the course of these negotiations. Plaintiff's counsel represented Plaintiff's interests during settlement negotiations.

6. The parties exchanged settlement offers, setting forth the explanations for their positions, which ultimately resulted in an accord and satisfaction embodied in the attached "Confidential Settlement and General Release Agreement," which the parties have fully executed

and which the parties and their respective counsel believe represents a fair, reasonable, and adequate settlement of Plaintiff's legal claims against Defendant.

7. A copy of the parties' executed "Confidential Settlement and General Release Agreement" has been submitted to the Court simultaneously with the filing of this Motion.

8. The parties are in agreement that this Court may enter an Order Granting Motion for Approval of Settlement and Dismissal with Prejudice. *See Larkin v. CPI Corp.*, No. 10-cv-411-WMC, 2011 U.S. Dist. LEXIS 127680, at *2 (W.D. Wis. Nov. 3, 2011) (*citing Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) and *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (requiring the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions").

9. **WHEREFORE**, the parties respectfully request that this Court: (1) approve the parties' "Confidential Settlement and General Release Agreement," resolving the matter on the terms set forth therein; and (2) dismiss this case, *with prejudice*.

Dated this 31st day of March, 2020

| | |
|---|---|
| *s/ Scott S. Luzi* | *s/ Matthew Cohen* |
| Scott S. Luzi, SBN 1067405 | Matthew Cohen, NY SBN 4725412 |
| Matthew J. Tobin, SBN 1097545 | |
| Walcheske & Luzi, LLC | Kaufman, Dolowich, & Voluck, LLP |
| 15850 W. Bluemound Rd., Suite 304 | 135 Crossways Park Drive, Suite 201 |
| Brookfield, Wisconsin 53005 | Woodbury, New York 11797 |
| Telephone: (262) 780-1953 | Telephone: (516) 681-1100 |
| Email: sluzi@walcheskeluzi.com | Email: mcohen@kdvlaw.com |
| Email: mtobin@walcheskeluzi.com | |